UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DWAYNE DAVENPORT,

     Petitioner,

                                          CASE NO. 2:07-CV-14248
v.                                      HONORABLE VICTORIA A. ROBERTS
                                          UNITED STATES DISTRICT JUDGE

BRUCE CURTIS,

     Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Eric Dwayne Davenport, ("Petitioner"), presently confined at the Marquette Branch Prison in Marquette, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his *pro se* application, Petitioner challenges his conviction for two counts of armed robbery, M.C.L.A. 750.529. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

**I. Background**

Petitioner was convicted of the above charges following a bench trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts regarding

---

[1] When Petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Cooper Street Correctional Facility, but has since been transferred to the Marquette Branch Prison. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is Gerald Hofbauer, the warden of Marquette Branch Prison, the current location of Petitioner. However, because the Court is denying the petition, it will not do so in this case. *See Logan v. Booker,* No. 2007 WL 2225887, * 1, n. 1 (E.D. Mich. August 1, 2007).

1

Petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which are presumed correct on habeas review. *See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

> The complainants testified that in separate instances in the early morning hours of April 22, 2004, they were robbed at gunpoint as they prepared to enter their vehicles. The complainants reported the incidents to the police, and in both instances viewed a photo array and identified defendant as the perpetrator. Defense counsel challenged the credibility of the witnesses' identifications, and defendant denied committing the offenses. Nevertheless, the trial court accepted the witnesses' identification testimony, and found defendant guilty as charged.
>
> *People v. Davenport,* No. 263437, * 1 (Mich.Ct.App. November 28, 2006).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 477 Mich. 1057; 728 N.W. 2d 452 (2007). Further facts will be discussed when addressing petitioner's claims. Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Defense counsel's failure to call an expert witness regarding identification constituted ineffective assistance of counsel where the omission and error was so substantial a reasonable probability exists that the outcome would have been different.
>
> II. Defense counsel was ineffective for failing to move to suppress the identification or to have moved for a live showup.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved

2

> an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. Discussion

**A. The Court will deny the motion for the appointment of counsel.**

Petitioner has filed a motion for the appointment of counsel.

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002)*; Lemeshko v. Wrona,* 325 F. Supp, 2d 778, 787 (E.D. Mich. 2004). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986).

3

Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko,* 325 F. Supp. 2d at 787. If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

Petitioner has filed a petition for writ of habeas corpus, in which he has attached his twenty page appellate court brief from his state court appeal. Petitioner has also filed a reply brief and several letters which respond to the respondent's answer. Petitioner's claims are "sufficiently clear and coherently organized as to allow this Court to weigh the merits of his claims." *Lemeshko,* 325 F. Supp. 2d at 788. Moreover, in light of the fact that none of these claims have any merit, Petitioner is not entitled to the appointment of counsel. *Id.* The motion for the appointment of counsel [Dkt. # 11] is denied.

**B. Claims ## 1 and 2. The ineffective assistance of counsel claims.**

The Court will discuss petitioner's two ineffective assistance of counsel claims together because they are interrelated.

To prevail on his ineffective assistance of counsel claims, Petitioner must show that the state court's conclusion regarding these claims was contrary to, or an

unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first contends that his counsel was ineffective for failing to call an expert to testify regarding the uncertainty and unreliability of eyewitness identifications.

In rejecting Petitioner's claim, the Michigan Court of Appeals noted that defense counsel cross-examined both victims about their identifications of Petitioner as their assailant and emphasized to the trial court that the victims' descriptions were inconsistent in some respects with Petitioner's actual appearance. The trial court judge was aware from the testimony that one of the victims was only fifty percent certain of his prior photo identification of Petitioner and that his in-court certainty was based on his having seen Petitioner at the various court proceedings. The Michigan Court of Appeals concluded that expert testimony regarding the general unreliability of eyewitness testimony would not have added to the material evidence presented in the case, therefore, the failure to call such a witness did not deprive Petitioner of a substantial defense. *Davenport,* Slip. Op. at * 2.

The Sixth Circuit on at least two occasions has held that the failure of trial counsel to obtain an expert in eyewitness identification did not amount to ineffective assistance of counsel. *See Ferensic v. Birkett,* 501 F. 3d 469, 483-84 (6th Cir.

2007)(citing *Dorch v. Smith*, 105 Fed. Appx. 650, 653 (6th Cir. 2004)(upholding as reasonable the Michigan Court of Appeals's conclusion that defense counsel's failure to call an expert witness on eyewitness identification counsel did not satisfy *Strickland*, because counsel "presented several witnesses who testified as to [the habeas petitioner's] whereabouts on the weekend of the incident" and cross-examined the eyewitness regarding inconsistencies in his identification of the petitioner); *Tipton v. United States*, No. 96-5026, 1996 WL 549802, at *1-2 (6th Cir. September.26, 1996) (holding that "any allegedly ineffective assistance" caused by counsel's failure to "hir[e] an expert in eyewitness identification" did not prejudice the petitioner within the meaning of *Strickland*). Other federal courts have held that a defense attorney's cross-examination of eyewitnesses, as opposed to calling an expert, is a sufficient method of attempting to deal with the issues presented by eyewitness testimony. *See Madrigal v. Bagley,* 276 F. Supp. 2d 744, 791-92 (N.D. Ohio 2003)(collecting cases)

In *Ferensic,* the Sixth Circuit held that the habeas petitioner had been deprived of the right to present a defense when the trial court excluded petitioner's expert witness in eyewitness identification from testifying at the petitioner's trial as a discovery sanction for defense counsel's failure to timely provide a copy of the expert witness' report to the prosecution. *Id.* at 480-82. In so ruling, however, the Sixth Circuit based its decision primarily on the basis that the exclusion of the expert's testimony deprived the petitioner of a right to present a defense, not that petitioner had been deprived of the effective assistance of counsel. Further, the Sixth Circuit noted that what troubled them about the

6

case was that the jury had sent a note to the trial judge during deliberations in which they stated that "[w]e would like to see the police report," and asked "[w]hat are our options if we don't totally agree on a verdict." The Sixth Circuit indicated: "[W]e wish to emphasize just how significant the jury's note is to our analysis, because it distinguishes the present case from many others in which the erroneous exclusion of an expert witness on eyewitness identification might well be harmless." *Id.* at 483. Finally, the Sixth Circuit made the following observation:

> "Although the failure to retain an expert as an initial matter presents a somewhat different problem than the exclusion of an already retained expert, we recognize the tension that our holding today might appear to generate with *Dorch*, *Tipton*, and similar cases. We therefore limit our holding to the situation here where the record reflects the doubts of the jury itself as to the identification of the perpetrator. Our analysis, in other words, should not be read to imply that the exclusion of an eyewitness-identification expert in a state-court criminal trial-even if "arbitrary" or "disproportionate" within the meaning of *Rock* [*v. Arkansas*]-will always warrant relief on federal habeas corpus review."
> *Ferensic,* 501 F. 3d at 484.

In the present case, defense counsel vigorously cross-examined the two victims and the various police officers about inconsistencies between the victims' descriptions of the perpetrator and Petitioner's actual appearance, limitations on the victims' ability to view their assailant's face at the time of the robberies, due to the fact that it was dark and each victim was focused on the weapon that their assailant was holding, as well as the fact that one of the witnesses was only fifty percent sure of his initial photo identification. (Tr., pp. 21-29, 40-46, 58-63, 83-94). Petitioner's girlfriend, Pamela Thomas and Petitioner were both called by defense counsel to testify that Petitioner was

7

at home asleep with Thomas' son at the time of the robberies. (*Id.* at pp. 96-108). Counsel then brought up the problems with the victims' identifications in closing argument. (*Id.* at pp. 113-115).

In the present case, defense counsel was not ineffective in failing to call an expert witness on eyewitness identification, because counsel cross-examined the witnesses regarding the victims' inconsistencies in their identification of Petitioner and presented several witnesses who testified as to Petitioner's whereabouts at the time of the crime. *Dorch*, 105 Fed. Appx. at 653.

Moreover, whereas *Ferensic* involved a jury trial, Petitioner was tried by a judge sitting without a jury. In reaching his verdict, the trial court judge noted that he was aware of how people might observe things differently and discussed how a person's memory and other factors might impede a person's ability to identify their assailant. (*Id.* at pp. 116-29). The trial court judge indicated that he was aware that the two victims may have given different descriptions of their assailant, but also noted that both men positively identified Petitioner at trial. In particular, the trial court judge noted that one of the victims, Sherman Levingston, had the "conscious state of mind" to jump into his car after being robbed and follow his assailant, thus negating the suggestion that he was too shocked to make a reliable identification of his assailant. The trial court judge further noted that Levingston's description of his assailant having a "neat mustache", as opposed to simply having a mustache, showed "keen observation" on the victim's part. The trial court judge concluded that Levingston was able to make distinctions about his

perpetrator. The trial court judge further found that Levingston was "not overwhelmed nor discombobulated" by the robbery that had just taken place. (*Id.* at pp. 124-25). The trial court judge further noted that the other victim, DeShawn Kendricks, had the presence of mind to respond falsely to his assailant's question about whether his eyeglasses were designer frames, in order to prevent his assailant from taking them. (*Id.* at p. 125). The trial court judge finally noted that both men testified that they were certain in their identification of Petitioner. (*Id.* at pp. 125-127).

Unlike the jury in *Ferensic,* the trial court judge did not have any hesitancy in reaching his verdict. More importantly, because this case was tried by a judge sitting without a jury, the failure to present expert testimony on the issue of eyewitness identification did not prejudice Petitioner, because an evaluation of the victims' ability to identify their assailant "did not require any specialized knowledge beyond the ken of the trier of fact, which, in this nonjury trial, was the court itself." *See People v. Fratello*, 243 A.D. 2d 340, 341; 663 N.Y.S.2d 169 (N.Y.A.D. 1997).

Petitioner next claims that trial counsel was ineffective for failing to move to suppress the pre-trial photographic identifications by the victims and for failing to request a live or in-person lineup.

The Michigan Court of Appeals rejected this claim, noting that Petitioner had failed to show that the initial photo array was suggestive or otherwise deficient. The Michigan Court of Appeals further concluded that counsel's decision to challenge the credibility of the victims by cross-examining them regarding their identifications of

9

Petitioner, rather than by filing a motion to suppress the identifications, was likely one of trial strategy. The Michigan Court of Appeals went on to rule that Petitioner had not overcome the presumption that counsel rendered effective assistance by challenging the victims' identifications via cross-examination and argument. *Davenport,* Slip. Op. at * 2.

In the present case, defense counsel questioned the victims and the other witnesses at great length about the inconsistencies between the victims' description of their assailant and Petitioner's actual appearance. Counsel elicited testimony that the robberies took place early in the morning, when it was still dark. Counsel questioned the victims about whether they were more focused on their assailant's weapon, rather than on his face. Counsel obtained admissions from both victims that they never viewed Petitioner in a live line-up. Counsel obtained an admission from DeShawn Kendricks that at the time of the photo array, he was only about fifty percent sure of his identification. In particular, counsel obtained a concession from Investigator Robert Lee that several of the suspects who were included in the photo array had braided hair, goatees, sideburns, or a beard, even though neither victim had described their assailant has having these features.

The decision to attack the credibility of the victims' identification of Petitioner through cross-examination, rather than to object to the in-court identification, was a reasonable trial strategy that defeats Petitioner's ineffective assistance of counsel claim. *Millender v. Adams,* 187 F. Supp. 2d 852, 868 (E.D. Mich. 2002); *Monroe v. Stegall,* 197 F. Supp. 2d 753, 761 (E.D. Mich. 2001)(both citing to *Killebrew v. Endicott*, 992 F. 2d

660, 665 (7th Cir. 1993)).

Moreover, counsel's failure to file a pre-trial motion to suppress the pre-trial identifications did not prejudice Petitioner, in light of the fact that the same trial court judge whom would have ruled on any such pre-trial motion sat as the trier of fact in this case. In finding Petitioner guilty, the trial court judge considered, and rejected, the same challenges to the reliability of the pre-trial identifications that he would have considered in a pre-trial motion. Because the judge, as a practical matter, considered the grounds on which the pre-trial identifications might have been suppressed when he found petitioner guilty at the bench trial, counsel's failure to file a pre-trial motion to suppress the identifications did not prejudice Petitioner. *See Com. v. Riley,* 17 Mass.App.Ct. 950; 457 N.E.2d 660, 661 (Mass.App. 1983).

Finally, in light of the fact that the victims' identifications of Petitioner were independently reliable, given the ample opportunity that each man had to observe Petitioner at the crime scene and the certainty of their in-court identifications, Petitioner was not prejudiced, as required to establish ineffective assistance, by trial counsel's failure to make a pre-trial motion to suppress the victims' in-court and out-of-court identifications on the basis that the photo array was suggestive. *See Howard v. Bouchard,* 405 F. 3d 459, 481-485 (6th Cir. 2005).

For similar reasons, Petitioner has failed to show that he was prejudiced by counsel's failure to request a live line-up in this case. Counsel cross-examined the witnesses at great length about the potential problems with the victims' pre-trial

identifications, including the fact that DeShawn Kendricks was only fifty percent sure of his identification of Petitioner at the time of the photo array. Petitioner has failed to establish that there is a reasonable probability that the outcome of his trial would have been different had defense counsel sought an in-person lineup, so as to establish that counsel was ineffective. *See U.S. v. Eaton*, 20 Fed. Appx. 763, 770 (10th Cir. 2001).

In conclusion, the Michigan Court of Appeals' rejection of Petitioner's ineffective assistance of counsel claims was therefore not an unreasonable application of *Strickland,* so as to entitle him to habeas relief. *See Siebert v. Jackson*, 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002). Accordingly, he is not entitled to habeas relief on his claims.

### IV. <u>Conclusion</u>

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the

court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

The Court will deny Petitioner a Certificate of Appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert,* 205 F. Supp. 2d at 735.

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claim, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. **ORDER**

IT IS ORDERED that the Petition for Writ of Habeas Corpus is **DENIED.**

13

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

|  |  |
|---|---|
|  | S/Victoria A. Roberts |
|  | Victoria A. Roberts |
|  | United States District Judge |

Dated: October 6, 2008

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Eric Davenport by electronic means or U.S. Mail on October 6, 2008.

s/Carol A. Pinegar
Deputy Clerk

---