UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DWAYNE DAVENPORT,

    Petitioner,

                                     CASE NO. 2:07-CV-14248

v.                                   HONORABLE VICTORIA A. ROBERTS
                                     UNITED STATES DISTRICT JUDGE

BRUCE CURTIS,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTIONS
TO REINSTATE IN FORMA PAUPERIS STATUS AND TO EXTEND TIME TO
FILE THE APPEAL PURSUANT TO FEDERAL RULES OF APPELLATE
PROCEDURE(4)(a)(5)**

On October 6, 2008, this Court dismissed Petitioner's habeas application brought pursuant to 28 U.S.C. § 2254. The Court also denied Petitioner a certificate of appealability, but granted him leave to appeal *in forma pauperis*. *Davenport v. Curtis,* No. 2008 WL 4534198 (E.D. Mich. October 6, 2008).

Petitioner has now filed two motions with this Court, in which he asks this Court to reopen the time for filing an appeal. On March 25, 2009, Petitioner also filed a notice of appeal. For the reasons stated below, the motions are **DENIED.**

Petitioner requests that this Court issue an order that would permit him to reopen his appeal. As the basis for this claim, Petitioner alleges that he did not actually receive a copy of the Court's opinion and order denying the petition for writ of habeas corpus until February 18, 2009. Petitioner has attached to his motion to extend time to appeal a copy

1

of an envelope addressed to him from the United States District Court for the Eastern District of Michigan, with a postmark of February 12, 2009. Petitioner claims that he received the denial of his habeas petition in this envelope.

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998). Because Petitioner's notice of appeal was filed more than thirty days after the Court entered judgment against petitioner, the Sixth Circuit would not have appellate jurisdiction in this matter, unless Petitioner was granted an extension of time.

A party asserting she failed to receive prompt notice of an order she wishes to appeal may seek relief for filing an appeal under either Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). *Zak v. United States*, 133 F. 3d 451, 453 (6th Cir. 1998).

Fed.R.App.P. 4 (a)(5)(A) indicates that a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) that party shows excusable neglect or good cause.

This Court issued its judgment on October 6, 2008. Petitioner had until November 6, 2008 to file a notice of appeal. Petitioner therefore had until December 6, 2008 to file for an extension of time to file an appeal pursuant to Rule 4(a) (5). Petitioner's motion to

2

reinstate *in forma pauperis* status and permit Petitioner to file application for leave to appeal was signed and dated March 9, 2009 and filed on March 18, 2009. [1] Petitioner's second motion was undated, but filed with this Court on March 25, 2009. Because both motions were filed more than 30 days after the expiration of the appeal, Petitioner is unable to obtain an extension of the time to file an appeal pursuant to Rule 4(a)(5). *Bailey v. St. Ambrose Academy*, 38 F. 3d 1215(Table); No. 1994 WL 589680, at *1 (6th Cir. Oct. 21, 1994).

Fed. R. App. P. 4(a)(6), however, indicates that a district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered, so long as the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.
> Fed.R.App. P. 4(a)(6) (emphasis added); 28 U.S.C. § 2107.

Fed. R. App. P. 4(a)(6) is the exclusive remedy for reopening the time for filing a notice of appeal after the statutory time period for filing such an appeal has expired. *See Bowles v. Russell,* 432 F. 3d 668, 672 (6th Cir. 2005). A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within

---

[1] Under the "prison mailbox rule", this Court is willing to consider Petitioner's first motion to have been filed with this Court on March 9, 2009, the date that it was signed and dated. *See U.S. ex rel. Morgan v. Page,* 39 F. Supp. 2d 1103, 1105 (N.D. Ill. 1999).

3

Rule 4(a)(6)'s time constraints. *See Martin v. Straub,* 27 Fed. Appx. 337, 338 (6th Cir. 2001).

Petitioner asserts that he did not receive a copy of this Court's decision until February 18, 2009. Assuming that Petitioner's allegation is correct, his motions to reopen the appeal are nonetheless untimely.

In order for a Court to grant a motion to reopen an appeal, the motion must be filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, *whichever is earlier. Benavides v. Bureau of Prisons,* 79 F. 3d 1211, 1214 (D.C. Cir. 1996)(emphasis added). Petitioner received a copy of this Court's decision on February 18, 2009, which was earlier than the expiration of the 180 day period following entry of judgment in this case. A district court lacks jurisdiction under Rule 4(a)(6) to reopen the time for appeal if the motion for such a reopening is made more than seven days after the movant received notice of entry. *Martinez v. Hoke,* 38 F. 3d 655, 656 (2nd Cir. 1994). Because Petitioner received a copy of the Court's opinion on February 18, 2009, he was required to file his motion to reopen the appeal by February 25, 2009. *See Ludwig v. United States,* 238 F. 3d 422 (Table), No. 2000 WL 1827822, * 1  (6th Cir. December 8, 2000). Because his motions are untimely, the Court is without power to grant Petitioner relief under Fed. R. App. P. 4(a)(6).

## ORDER

**IT IS HEREBY ORDERED** that the motion to reinstate *in forma pauperis* status [Dkt. # 27] and the motion to extend time for filing and appeal[ Dkt. # 28] are **DENIED.**

4

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 30, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Eric Dwayne Davenport by electronic means or U.S. Mail on March 30, 2009.

s/Carol A. Pinegar
Deputy Clerk