UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DWAYNE DAVENPORT,

    Petitioner,

                                                        CASE NO. 2:07-CV-14248

v.                                              HONORABLE VICTORIA A. ROBERTS
                                             UNITED STATES DISTRICT JUDGE

LINDA TRIBLEY, [1]

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER AN EXTENSION OF TIME TO FILE THE APPEAL AND REISSUING OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND JUDGMENT NUNC PRO TUNC FROM THE DATE OF THIS ORDER, AND GRANTING THE MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On October 6, 2008, this Court dismissed Petitioner's habeas application brought pursuant to 28 U.S.C. § 2254. The Court also denied Petitioner a certificate of appealability, but granted him leave to appeal *in forma pauperis*. *Davenport v. Curtis,* No. 2008 WL 4534198 (E.D. Mich. October 6, 2008). On March 30, 2009, this Court denied Petitioner's motions to reinstate his *in forma pauperis* status and to extend the time for him to file an appeal with the Sixth Circuit. *Davenport v. Curtis*, No. 2009 WL 861470

---

[1] When Petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Cooper Street Correctional Facility, but has since been transferred to the Ojibway Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Therefore, the Court substitutes Warden Linda Tribley in the caption, as Petitioner has done in his motion for relief from judgment and in his motion to proceed *in forma pauperis*.

(E.D. Mich. March 30, 2009). The United States Court of Appeals for the Sixth Circuit subsequently dismissed the appeal. *Davenport v. Curtis,* No. 09-1378 (6th Cir. June 17, 2009).

Before the Court is Petitioner's motion for relief from judgment brought pursuant to Fed.R. Civ. P. 60(b)(6), in which he seeks an extension of time to file a notice of appeal. For the reasons stated below, the Court will grant Petitioner an extension of time to file an appeal. The Court will also reissue its opinion and order denying the petition for writ of habeas corpus and judgment *nunc pro tunc* from the date of this order. The Court will also grant Petitioner's motion to proceed *in forma pauperis* on appeal. [2]

Fed. R. App. P. 4 (a)(1) states that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. *Rhoden v. Campbell*, 153 F. 3d 773, 774 (6th Cir. 1998).

Fed.R.App.P. 4 (a)(5)(A) indicates that a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) that party shows excusable neglect or good cause.

---

[2] The Court notes that the exhibits that Petitioner relies on in support of his motion for relief from judgment were actually filed with his motion to proceed *in forma pauperis* on appeal. [See Dkt. # 35].

2

Petitioner is obviously not entitled to an extension of time to file an appeal based upon Fed.R.App.P. 4 (a)(5)(A), because he has moved for an extension of time to file an appeal more than thirty days after the original period to file a notice of appeal had expired.

Fed. R. App. P. 4(a)(6) indicates that a district court may reopen the time to file an appeal for a period of fourteen days after the date when its order to reopen is entered, so long as the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed.R.App. P. 4(a)(6) (emphasis added); 28 U.S.C. § 2107.

Fed. R. App. P. 4(a)(6) is the exclusive remedy for reopening the time for filing a notice of appeal after the statutory time period for filing such an appeal has expired. *See Bowles v. Russell,* 432 F. 3d 668, 672 (6th Cir. 2005). A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within Rule 4(a)(6)'s time constraints. *See Martin v. Straub,* 27 Fed. Appx. 337, 338 (6th Cir. 2001).

In his original motions to reinstate his appeal, Petitioner alleged that he did not receive a copy of this Court's opinion and order denying him habeas relief until February

3

18, 2009. This Court ruled that since Petitioner's motions to reinstate his appeal were untimely, the Court lacked the power to grant Petitioner relief under Fed. R. App. P. 4(a)(6). The Court noted that in order to grant a motion to reopen an appeal, the motion must be filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, *whichever is earlier. Benavides v. Bureau of Prisons,* 79 F. 3d 1211, 1214 (D.C. Cir. 1996)(emphasis added). Petitioner received a copy of this Court's decision on February 18, 2009, which was earlier than the expiration of the 180 day period following entry of judgment in this case. A district court lacks jurisdiction under Rule 4(a)(6) to reopen the time for appeal if the motion for such a reopening is made more than seven days after the movant received notice of entry. *Martinez v. Hoke,* 38 F. 3d 655, 656 (2nd Cir. 1994). Since Petitioner received a copy of the Court's opinion on February 18, 2009, he was required to file his motion to reopen the appeal by February 25, 2009. *See Ludwig v. United States,* 238 F. 3d 422 (Table), No. 2000 WL 1827822, * 1  (6th Cir. December 8, 2000). Because Petitioner filed his motions to reopen his appeal after that date, his motions were untimely.

In his motion for relief from judgment, Petitioner contends that his failure to file a timely motion to reopen his appeal was due to the fact that he was represented by another prisoner through the Legal Writers Program at the Marquette Branch Prison, due to the fact that Petitioner suffers from a learning disability. Petitioner indicates that the legal assistance provided by his fellow prisoner was inadequate. In particular, Petitioner notes that the motions to reopen the appeal were filed outside of the prescribed seven day time

period contained in Rule 4(a)(6) to reopen the time for appeal.  Petitioner further notes that his "legal writer" could have filed a Motion for Relief From Judgment pursuant to Rule 60(b)(6) to reinstate his appeal rights but failed to do so.  Petitioner claims that he no longer receives legal assistance from the Legal Writers Program, but that another inmate who is assisting him with his legal matters recently informed him of his "legal writer's" negligence.

A federal district court has jurisdiction to entertain a motion for relief from judgment when a notice of appeal is untimely filed. *Lewis v. Alexander*, 987 F. 2d 392, 395 (6th Cir. 1993).  A district court may therefore employ Rule 60(b) to permit an appeal outside the time constraints of Fed.R.App. P. 4(a)(5). *Id.* at 396.

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,
> (6) any other reason justifying relief from the operation of the judgment.

*Lewis,* 987 F. 2d at 395.

This Court believes that Petitioner is entitled to relief from judgment pursuant to Fed. R. 60(b)(6) and should be granted an extension of time to file an appeal.  This Court

is aware that "[T]he residual clause of Rule 60(b)(6) should form the basis for relief from judgment 'only in exceptional or extraordinary circumstances which are not addressed by the first five clauses of the Rule.'"*Lewis,* 987 F. 2d at 395-96 (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).  However, this Court believes that Petitioner's learning disability and his reliance on other prisoners to assist him with his legal matters constitute exceptional circumstances which would justify granting Petitioner an extension of time with which to file a notice of appeal. *See Weekley v. Jones,* 927 F. 2d 382, 386 (8th Cir. 1991)(extension of time for filing of notice of appeal could be granted to *pro se* prisoner who was on medication and who apparently still suffered from borderline mental retardation and paranoid schizophrenia); *Givens v. Housewright,* 612 F. Supp. 174,178 (D. Nev. 1985)(extension of time to file appeal granted to habeas petitioner, in part because petitioner was required to turn to another inmate in prison yard to help him with his appeal and pressed other inmate to complete necessary work).

This Court finds that Petitioner has met the requirements of Rule 60(b) and that the interests of justice dictate that this Court grant Petitioner relief from the judgment entered by this Court on October 6, 2008.

For the foregoing reasons, this Court vacates the judgment entered on October 6, 2008 and reinstates the memorandum opinion and judgment entry entered on that date *nunc pro tunc* as of the date of this order. *See Williams v. Arn*, 654 F. Supp. 241, 248 (N.D. Ohio 1987).

The Court will also once again grant Petitioner leave to appeal *in forma pauperis*

6

on appeal, because this Court finds that the issues presented in the original petition were not frivolous, therefore, an appeal could be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## ORDER

The motion for relief from judgment [Dkt. # 34] is **GRANTED**. Petitioner is granted an extension of time to file an appeal**.** The Court's judgment of October 6, 2008 is vacated and the opinion and order denying the petition for writ of habeas corpus and judgment entered on that date is reinstated *nunc pro tunc* as of the date of this order. The Motion to Proceed *In Forma Pauperis* [Dkt. # 35] is **GRANTED.**

**IT IS ORDERED.**


　　　　　　　　　　　　　　　　　　　　s/Victoria A. Roberts
　　　　　　　　　　　　　　　　　　　　**Victoria A. Roberts**
　　　　　　　　　　　　　　　　　　　　**United States District Judge**

**Dated:  February 17, 2011**

---

**The undersigned certifies that a copy of this document was served on the attorneys of record and Eric Dwayne Davenport by electronic means or U.S. Mail on February 17, 2011.**

**s/Carol A. Pinegar**
**Deputy Clerk**